# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 47309

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, December 2019 Term |
| | ) | |
| v. | ) | Opinion Filed: June 5, 2020 |
| | ) | |
| STEVEN MICHAEL CHAMBERS, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Scott Wayman, District Judge.

The judgment of the district court is <u>vacated</u> and the case is <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant Steven Michael Chambers. Erik R. Lehtinen argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent State of Idaho. Mark W. Olson argued.

_____

STEGNER, Justice.

Steven Chambers appeals from a judgment of conviction entered upon his *Alford* plea to battery with intent to commit a serious felony. Chambers was initially charged with forcible rape against a young woman (who will be referred to by the initials N.S.). Pursuant to I.R.E. 412, Chambers moved to introduce evidence of a purportedly false allegation N.S. made against a different individual approximately six months *after* her alleged rape by Chambers. The State objected to the admission of such evidence. After a Rule 412 hearing, the district court excluded evidence of the purportedly false allegation.

The Idaho Court of Appeals heard Chambers' appeal and held that false allegations made after the charged conduct could be admissible. However, the appellate court concluded that Chambers had failed to prove falsity at the Rule 412 hearing. Chambers filed a petition for review, which this Court granted.

For the reasons set out, we vacate Chambers' judgment of conviction and remand the case for proceedings consistent with this opinion.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2016, a detective with the Coeur d'Alene Police Department responded to a 911 call regarding an allegation of rape. The alleged victim, N.S.,[1] had called 911 reporting that Chambers had punched her in the stomach and then raped her. N.S. explained that she had met Chambers the day before. The two exchanged phone numbers and communicated by phone throughout the remainder of the day and late into the night. Those communications included sexually suggestive photographs and messages sent by both N.S. and Chambers. In the early morning, around 1:00 or 2:00 a.m., N.S. went to Chambers' residence. After being at the residence for some time, N.S. alleged that Chambers had forced her onto his bed, removed her clothes, and forcibly raped her. After the alleged rape, N.S. claimed she escaped through the front door and called 911. After calling 911, N.S. deleted all of the messages she had exchanged with Chambers.

A detective interviewed Chambers at the police station. During this interview, Chambers told the detective that he was born addicted to drugs, did not learn to speak until he was twelve or thirteen years old, and that he suffered from a speech impediment. During the interview, Chambers admitted to having sexual intercourse with N.S., but insisted that it was consensual. However, later in the interview, Chambers admitted to punching N.S. in the stomach and forcing himself on her.[2]

The State charged Chambers with forcible rape under Idaho Code section 18-6101(4). Chambers filed a motion to introduce evidence regarding N.S.'s past sexual behavior pursuant to I.R.E. 412 (2017).[3] Specifically, Chambers intended to introduce evidence that N.S. had made a false allegation of rape against another individual. In response, the State filed a motion in limine to exclude this evidence.

The purportedly false allegation made by N.S. that Chambers sought to admit occurred in December 2016, six months *after* Chambers allegedly raped N.S. In that case, N.S. called 911 to

---

[1] N.S. is an eighteen-year-old woman. At the time of the alleged rape, she was living in a group-assisted living facility. Evidence in the record indicates that N.S. suffered from some cognitive delays.

[2] Chambers moved to suppress the confessions he made to investigators on the basis that they were coerced. However, it appears that Chambers entered the *Alford* plea before the district court ruled on his motion.

[3] I.R.E. 412 was amended in 2018. Order of the Idaho Supreme Court, In Re: Adoption of Newly Formatted Idaho Rules of Evidence (Mar. 26, 2018). This opinion analyzes the 2017 version of the rule because it was in effect at the time that the district court rendered its ruling. Relevant to the exception in this case, Rule 412 now reads, "an alleged victim's *prior* false allegations of sex crimes made at an earlier time." I.R.E. 412 (2018) (italics added).

report that a man (who will be referred to by the initials K.C.) had raped her at his residence. This accusation presented similar facts to the case now on appeal. N.S. alleged that each man had pushed her onto a bed, pulled her clothing down, and forced himself upon her. In both cases, N.S. deleted all text messages between the accused and herself before calling the police. Also in both cases, the men insisted that the sexual intercourse had been consensual.[4]

K.C. was cooperative with authorities and passed a polygraph test in which he denied raping N.S. Based on the detective's encounter with both N.S. and K.C., the detective declined to arrest K.C. There is no evidence in the record to suggest that there was ever an arrest made or charges filed against K.C. based on the allegation made by N.S.

The district court held a Rule 412 hearing on June 12, 2017. Following arguments by the parties, the district court concluded that the evidence was not admissible pursuant to I.R.E. 412. The district court ruled that the allegation made in December was not admissible under the exception in I.R.E. 412 for "false allegations of sex crimes made at an earlier time" because the allegation against K.C. occurred six months *after* the allegation made against Chambers. Alternatively, the district court ruled that even if the evidence were allowed under Rule 412, the probative value of the evidence "is far outweighed by considerations of confusion of the issues, unfair prejudice, in the sense that we have another possibility of another mini trial within the case, and it has the definite risk of misleading the jury as far as focusing on the charge against the defendant."

Chambers entered into a conditional *Alford*[5] plea to an amended charge of felony battery with the intent to commit a serious felony. Chambers reserved his right to appeal the district court's ruling regarding N.S.'s prior false allegation. The district court sentenced Chambers to a unified sentence of ten years, with two years fixed. However, the district court suspended the sentence and placed Chambers on supervised probation for three years.

Chambers timely appealed from his judgment of conviction. The Idaho Court of Appeals heard his appeal. *State v. Chambers*, No. 45608, 2019 WL 1891005 (Ct. App. Apr. 29, 2019). The Court of Appeals held that "the district court erred in interpreting I.R.E. 412(b)([2])(C) to

---

[4] Although Chambers later confessed to raping N.S., as noted in footnote 2, he moved to have his confessions suppressed because they were coerced. The district court never ruled on that motion.

[5] *North Carolina v. Alford*, 400 U.S. 25 (1970). Under an *Alford* plea, the defendant pleads guilty, but does so without admitting to the criminal act. Rather, he acknowledges the State could likely prove his guilt beyond a reasonable doubt.

3

include a temporal requirement precluding purportedly false allegations made after the charged conduct." *Id.* at *4. However, the Court of Appeals affirmed the judgment of conviction because it found that Chambers had failed to prove that the allegation made against K.C. had been false at the I.R.E. 412 hearing. *Id.* at *7. Finally, the Court of Appeals rejected Chambers' argument that his Sixth Amendment right to present a defense was violated by the exclusion of the evidence. *Id.* at *8–9. Chambers filed a petition for review with this Court, which we granted.

## II. STANDARD OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Jeske*, 164 Idaho 862, 867, 436 P.3d 683, 688 (2019) (quoting *State v. Schmierer*, 159 Idaho 768, 770, 367 P.3d 163, 165 (2016)).

"[T]he interpretation of a rule of evidence, like the interpretation of a statute, is reviewed de novo." *State v. Hill*, 161 Idaho 444, 447, 387 P.3d 112, 115 (2016) (alteration in original) (quoting *State v. Moore*, 131 Idaho 814, 821, 965 P.2d 174, 181 (1998)).

"When reviewing the trial court's evidentiary rulings, this Court applies an abuse of discretion standard." *Jeske*, 164 Idaho at 867, 436 P.3d at 688 (citing *State v. Anderson*, 162 Idaho 610, 614, 402 P.3d 1063, 1067 (2017)).

> When reviewing a lower court's decision for an abuse of discretion, this Court must analyze "whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason."

*State v. Bodenbach*, 165 Idaho 577, 591, 448 P.3d 1005, 1019 (2019) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

## III. ANALYSIS

On appeal, Chambers argues that the district court abused its discretion by misinterpreting and misapplying Rule 412. Specifically, Chambers alleges that the district court erred when it: (1) determined that the purportedly false allegation must have been made *prior* to the charged offense; (2) concluded that the evidence was unfairly prejudicial; and (3) failed to

4

consider the effect of the exclusion of the evidence on Chambers' Sixth Amendment right to present a defense.[6]

## A.  Admissibility of Evidence under Rule 412.

Generally, evidence of a sex crime victim's past sexual behavior is not admissible in a criminal case. I.R.E. 412(a)–(b). This rule and others like it are commonly known as "rape shield" laws. The purpose of these laws is two-fold: First, "[t]he rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure" of the victim's prior sexual behavior. Fed. R. Evid. 412 advisory committee's note to 1994 amendment. Second, these laws encourage "victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." *Id.*

However, the rule also provides a defendant in a criminal case with the ability to introduce evidence when that evidence is potentially relevant to the charged offense. *See* I.R.E. 412(b). I.R.E. 412(b) identifies circumstances in which specific instances of the victim's past sexual behavior may be admitted. *Id.* Those exceptions, which existed at the time this case arose, are as follows:

> Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sex crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is –
>
> (1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or
>
> (2) admitted in accordance with subdivision (c) and is evidence of -
>
>> (A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
>>
>> (B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which the sex crime is alleged; or
>>
>> (C) *false allegations of sex crimes made at an earlier time*; or
>>
>> (D) sexual behavior with parties other than the accused which occurred at the time of the event giving rise to the sex crime charged.

---

[6] In his briefing, Chambers also argued that false allegations of rape do not constitute "past sexual behavior" and are not subject to Rule 412. However, during oral argument, Chambers withdrew this contention.

*Id.* (italics added). The relevant exception to this appeal (which is italicized above) is Rule 412(b)(2)(C).

Rule 412 also provides a procedural requirement for a criminal defendant who intends to introduce evidence falling within one of the exceptions recognized in Rule 412(b). I.R.E. 412(c). Pursuant to Rule 412(c)(1), a defendant must make a written motion to offer such evidence no later than five days before the date on which the trial is scheduled to begin. Further, under Rule 412(c)(2), the motion must be accompanied by an offer of proof. If the district court determines that the evidence offered falls within one of the exceptions in paragraph (b), the district court must order a hearing to determine the admissibility of such evidence. I.R.E. 412(c)(2). Finally, if the court determines at the hearing that the evidence is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, the evidence may be admitted pursuant to an order by the district court. I.R.E. 412(c)(3).

1. <u>The district court erred when it determined that Rule 412 contained a temporal requirement that the false allegation must precede the events giving rise to the charge.</u>

The district court determined that Rule 412(b)(2)(C) only permitted evidence of false allegations that preceded the charged conduct in the case. On appeal, Chambers contends that Rule 412 places no temporal limits on false allegations. We agree with Chambers' contention.

"[T]he interpretation of a rule of evidence, like the interpretation of a statute, is reviewed de novo." *Hill*, 161 Idaho at 447, 387 P.3d at 115 (alteration in original) (citation omitted). However, unlike the interpretation of a statute, this Court is "not constrained by the constitutional separation of powers when interpreting rules promulgated by the Court." *State v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017). "[W]hile the interpretation of a court rule must always begin with the plain, ordinary meaning of the rule's language it may be tempered by the rule's purpose. We will not interpret a rule in a way that would produce an absurd result." *Id.* Instead, in keeping with the purposes of the Idaho Rules of Evidence, this Court construes these rules "to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." I.R.E. 102.

The plain language of Rule 412 states that false allegations of sex crimes "made at an earlier time" are admissible in a criminal case. I.R.E. 412(b)(2)(C). The parties advance conflicting interpretations of this particular language. Chambers argues that the plain language of the rule indicates that "made at an earlier time" means made prior to its admission at trial.

Conversely, the State argues that the "made at an earlier time" language is ambiguous, but its most rational interpretation is that the alleged false allegation must have occurred "earlier" than the charged crime.

The language in the rule appears to support both parties' interpretations. It is unclear from the plain language of the rule what "earlier" means. As a result, the plain language of the rule is ambiguous. Similar to interpreting a statute, it is appropriate to turn to the history surrounding the adoption of the rule to see if there is guidance as to the intent of the drafters of the rule. *See State v. Doe*, 140 Idaho 271, 274, 92 P.3d 521, 524 (2004) (explaining that if a statute is ambiguous, the Court will consider the history surrounding the statute to determine legislative intent).

The exception in Rule 412(b)(2)(C) was added in 1987. *See* Order of the Idaho Supreme Court Amending Rules (June 15, 1987). According to the minutes from the committee on the rules of evidence, the committee considered whether to incorporate into the Idaho rule two of the exceptions contained in the "Model Rule." It is not clear from the committee notes which model rule the committee is referencing. It cannot be the federal rule, as the federal rule contains no specific exception for false allegations of sex crimes. *See* Fed. R. Evid. 412. However, one of the model rules that the initial drafters of the Idaho Rules of Evidence considered was the Uniform Rules of Evidence published by the Uniform Law Commission in 1974. *See* Merlyn W. Clark, REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE Introduction 1 (1983).[7]

Assuming that the 1974 version of the Uniform Rules of Evidence was the "model rule" referred to by the committee when it adopted Rule 412(b)(2)(C), the uniform rule provides some helpful guidance. Uniform Rule 412 states,

> Exceptions. This rule does not require the exclusion of evidence of (i) specific instances of sexual behavior if offered for a purpose other than the issue of consent, including proof of the source of semen, pregnancy, disease, injury, mistake, or the intent of the accused; (ii) *false allegations of sexual offenses*; or (iii) sexual behavior with persons other than the accused which occurs at the time of the event giving rise to the sexual offense alleged.

---

[7] While the Clark Report cites to other uniform rules, the 1974 version of the Uniform Rule of Evidence 412 appears most likely to be the "model rule" referred to by the committee in 1987, as the other model rules do not contain a similar exception.

Uniform Rule 412 (italics added). Further, the notes attached to the uniform rule comment that "[i]t matters not that the sexual behavior took place after the alleged offense but before trial rather than before the alleged offense." *Id.*

The State argues that Chambers' interpretation would make the "made at an earlier time" language meaningless. While the State's argument may have some appeal, the plain language of the rule may be tempered by its purpose. *Montgomery*, 163 Idaho at 44, 408 P.3d at 42. Accordingly, it is important to review the purposes of Rule 412. *See id.* The purpose of providing the exceptions contained in Rule 412 is to protect the defendant's right to a fair trial, while protecting the victim from public embarrassment from the disclosure of past sexual behavior. *See* Clark, *supra* at C. 412, 1; *see also* 23 Arthur R. Miller et al., *Federal Practice & Procedure Evid.* § 5375.2 (2d ed. 2019 Supp.) ("If the defendant's right to a fair trial means anything, surely he must have the right to introduce evidence that the alleged victim previously made similar accusations against others that proved to be false.").

The most logical interpretation of Rule 412(b)(2)(C) is that it contains no temporal requirement. False allegations made after the charged conduct are just as relevant as false allegations made prior to the charged conduct when it comes to ascertaining the credibility of the complaining witness and providing the defendant a fair trial. Additionally, the timing of the allegation does not increase the risk of embarrassment to the victim. Finally, this interpretation aligns with the comment made in the model rule upon which Rule 412 was based. Uniform Rule 412 ("It matters not that the sexual behavior took place after the alleged offense but before trial rather than before the alleged offense."). Consequently, the district court erred in interpreting I.R.E. 412(b)(2)(C) to require that the false allegation had to *precede* the events giving rise to the charge.

2. The district court abused its discretion by applying the wrong balancing test.

The district court made an alternative ruling that, even if the evidence were admissible under Rule 412, the probative value of the evidence is far outweighed by considerations of "confusion[] of the issues, unfair prejudice, in the sense that we have another possibility of another mini trial within the case, and it has the definite risk of misleading the jury."

On appeal, Chambers argues that the district court failed to address the relevancy of the false allegations and instead made a conclusory statement that it had balanced the relevance of

8

the evidence against the prejudice. Further, Chambers contends that the district court adopted the "trial within a trial" theory advanced by the State. The State responds that the district court "correctly excluded the evidence upon the alternative ground that the probative value of the evidence did not outweigh the danger of unfair prejudice, as required for admission by I.R.E. 412(c)(3)."

This Court reviews the district court's decisions concerning the admission of evidence for an abuse of discretion. *Jeske*, 164 Idaho at 867, 436 P.3d at 688 (citation omitted). When reviewing a lower court's decision for an abuse of discretion, this Court must analyze "whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Bodenbach*, 165 Idaho at 591, 448 P.3d at 1019 (quotation omitted).

Here, the district court erred by applying Rule 403's balancing test instead of Rule 412's balancing test. I.R.E. 412(c)(3) provides that a district court may introduce the evidence if "the probative value of such evidence outweighs the danger of unfair prejudice[.]" On the other hand, I.R.E. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." These rules differ in several respects. First, the balancing tests are the inverse of one another. *Compare* I.R.E. 403 (requiring that the prejudicial effect must substantially outweigh the probative value in order to be inadmissible), *with* I.R.E. 412(c)(3) (requiring that the probative value must outweigh the prejudicial effect in order to be admissible).

Second, the balancing tests of Rule 403 and Rule 412 differ regarding the factors to be weighed against the probative value of the evidence. Rule 403 states that a district court may exclude relevant evidence if there is a danger of one or more of the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." I.R.E. 403. In comparison, Rule 412 only allows the probative value of the evidence to be measured against "unfair prejudice." I.R.E. 412(c)(3). Notably, the judge has fewer factors under Rule 412 to weigh probative evidence against when determining its

9

admissibility. In other words, Rule 412 restricts the judge's discretion when deciding if the evidence may be rejected.

Although much of our case law lumps all of the factors considered in Rule 403 into "unfair prejudice," that is not the meaning of the phrase. Instead, "unfair prejudice" has been found to mean "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee notes to the 1972 proposed rules. This Court has stated that unfair prejudice requires that "evidence . . . be excluded if it invites inordinate appeal to lines of reasoning outside of the evidence or emotions which are irrelevant to the decision making process." *State v. Rhoades*, 119 Idaho 594, 604, 809 P.2d 455, 465 (1991).

Additionally, our case law suggests that the balancing tests in Rule 403 and Rule 412(c) are separate and distinct. For example, in *State v. Perry*, 150 Idaho 209, 218, 245 P.3d 961, 970 (2010), we stated,

> [a]lthough the district court erred in evaluating the evidence of the shower spraying incident under I.R.E. 412, the court nevertheless excluded the evidence under the appropriate balancing test. Evidence of a victim's past sexual behavior, if relevant, is subject to the I.R.E. 412(c)(3) balancing test, which requires that the probative value of such evidence outweigh the danger of unfair prejudice. I.R.E. 412(c)(3). As set forth above, the shower spraying incident does not fall under I.R.E. 412 and, therefore, is not subject to the I.R.E. 412(c) balancing test. Instead the evidence is subject to the I.R.E. 403 balancing test[.]

*Perry*, 150 Idaho at 218, 245 P.3d at 970. Although *Perry* does not explicitly state that the balancing test in Rule 403 does not apply to Rule 412 evidence, this Court's language highly suggests it.

The dissent argues that Rule 403 is a threshold requirement and that Rule 412 evidence is still subject to Rule 403 considerations. However, this contention fails to recognize that Rule 412 specifically articulated a balancing test that conflicts with Rule 403. There are only three Rules of Evidence in which a balancing test separate from Rule 403 is articulated. *See* I.R.E. 412; I.R.E. 609; I.R.E. 703. In each of these Rules, the test is modified to require that the probative value of the evidence outweigh the danger of unfair prejudice. This is in conflict with the balancing test in Rule 403, which requires the opponent to show that the danger of unfair prejudice outweighs the probative value.

It makes logical sense that if a rule provides a separate and conflicting balancing test, it replaces Rule 403's general balancing test. This logic also applies to the issue of whether the

10

district court may consider the other factors set forth in Rule 403, i.e., "confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." I.R.E. 403. Rule 412 could easily have included those considerations in the text of the rule itself. Without such inclusion, the dissent would add factors into Rule 412 that were not included. When a rule of evidence supplies a balancing test that conflicts with the balancing test of Rule 403, the specific balancing test mentioned in that rule of evidence controls over Rule 403.

In this case, the district court erroneously applied Rule 403's balancing test when it should have applied the balancing test in Rule 412. In doing so, the district court considered factors that are not pertinent to a Rule 412 analysis, such as confusion of the issues and the possibility of a trial within a trial. Rule 412 only considers the danger of unfair prejudice, which requires consideration of whether the jury would make a decision on an emotional or improper basis. *See* I.R.E. 412(c)(3). The district court does not refer to an emotional or "improper basis" upon which the jury could have made its decision if presented with the evidence of the purportedly false allegation. Accordingly, the district court acted outside the bounds of its discretion when it applied the wrong balancing test. *See Crowley v. Critchfield*, 145 Idaho 509, 513, 181 P.3d 435, 439 (2007).

Accordingly, the district court's decision to exclude the purportedly false allegation is vacated and remanded. Further, this case involves a conditional guilty plea pursuant to I.C.R. 11(a)(2). According to that rule, "[i]f the defendant prevails on appeal, the defendant must be allowed to withdraw defendant's plea." As Chambers has prevailed on appeal, he is entitled to withdraw his guilty plea.

**B.    On remand, the following procedure and guidelines should be used by the district court to determine whether evidence of the purportedly false allegation is admissible.**

Rule 412(b)(2)(C) does not establish the standard of falsity that a defendant must prove in order for the evidence to be admissible at trial. While Rule 412(c) establishes the procedure that a defendant must follow in order to admit false allegations, the Rule leaves gaps as to the process to be employed by both the courts and the litigants. Accordingly, as we are remanding the case, we offer guidance regarding the procedures and standards the district court must employ at a Rule 412 hearing.

It is logical to employ a similar analysis used for admission of Rule 404(b) evidence because both rules govern potentially prejudicial evidence. Admissibility of Rule 404(b)

11

evidence is determined by the analysis outlined in *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009).[8] However, the test we announce will be modified to take into account the differences between Rule 412 and Rule 404(b).

Accordingly, we adopt a three-part test to determine the admissibility of false allegations of sex crimes under Rule 412. The first step of the analysis for evidence of false allegations requires the district court to determine whether the allegations of the purported victim are false. As noted above, Rule 412 does not set forth the burden of proof regarding falsity that the defendant must establish at a Rule 412 hearing. Other jurisdictions have varied widely with respect to the standard of proof required to establish a showing of falsity. The New Jersey Supreme Court has noted,

> [t]hose jurisdictions that permit evidence of prior false criminal accusations in sexual crime cases condition the admissibility of such evidence on a preliminary judicial finding. Some jurisdictions require that the prior accusation be shown to be "demonstrably false." Others have articulated varying standards of proof for determining whether the witness made the accusation and whether it was false: clear and convincing evidence; preponderance of the evidence; or "a reasonable probability of falsity[.]"

*New Jersey v. Guenther*, 854 A.2d 308, 322 (2004) (citations omitted); *see also Morgan v. Alaska*, 54 P.3d 332, 339 (Alaska Ct. App. 2002) (observing that states have adopted standards varying from actual falsity, reasonable probability of falsity, and other heightened standards of proof, but most rejected a standard of proof that the allegation was arguably false or reasonably debatable to be sufficient).

The New Jersey court adopted the preponderance of the evidence standard because the standard "strikes the right balance, placing an initial burden on the defendant to justify the use of such evidence while not setting an exceedingly high threshold for its admission." *Guenther*, 854 A.2d at 324. We find this reasoning to be persuasive. Accordingly, we hold that a defendant must establish by a preponderance of the evidence that the prior allegation is false.[9] To require

---

[8] The *Grist* analysis has two tiers. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. The first tier has two distinct steps. *Id.* "First, the trial court must determine whether there is sufficient evidence to establish the other crime or wrong as fact." *Id.* (citation omitted). Next, the trial court must determine whether the evidence of the other act would be relevant. *Id.* If the evidence is relevant, the second tier in the *Grist* analysis requires the district court to engage in the balancing test set out in Rule 403. *Id.*

[9] Notably, this Court appeared to previously adopt the "demonstrably false" standard. *State v. Schwartzmiller*, 107 Idaho 89, 92, 685 P.2d 830, 833 (1984) (citing *Little v. Indiana*, 413 N.E.2d 639, 643 (Ct. App. 1980)). However, *Schwartzmiller* predates the adoption of the exception for false allegations of sex crimes. *See* Order of the Idaho

otherwise could also infringe on a defendant's constitutional right to present a defense. *See* Miller et al., *supra* § 5375.2.

Finally, the Idaho Rules of Evidence suggest a preponderance of the evidence standard. Pursuant to I.R.E. 104, "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Generally, "the court should not determine admissibility based on whether the court is persuaded by the foundational proof; rather, it should admit the evidence if a jury could reasonably believe the foundational facts." D. Craig Lewis, *Idaho Trial Handbook* § 13:2 (2d ed. 2019 Supp.). "In most situations, including evidence offered by the prosecution in criminal trials, the 'preponderance' standard governs determination of foundational facts; evidence is sufficient to fulfill a foundational condition if it is sufficient to permit a finding that the foundational fact is more likely true than not." *Id.* Because the admissibility of false allegations depends on a condition of fact, i.e., the falsity of the statement, the preponderance of the evidence standard should be utilized to determine the admissibility of the evidence.

The dissent argues that the demonstrably false standard adopted in *Schwartzmiller* is still the appropriate standard. However, there are several problems with the demonstrably false standard. First, "demonstrably false" is not well-defined. No Idaho case provides a definition for "demonstrably false," including the *Schwartzmiller* case, which adopted the standard. It is unclear whether the standard is a higher or lower standard than a preponderance of the evidence or clear and convincing evidence. If the standard is higher than clear and convincing evidence, it poses a true risk of infringing upon the defendant's constitutional right to present a defense. As such, "demonstrably false" does not provide a workable framework for analyzing Rule 412 evidence. In contrast, the preponderance of the evidence standard is a well-known burden of proof and is easily applied by trial courts. Additionally, the burden of proof for the defendant strikes the appropriate balance between protecting the victim from embarrassment and protecting a defendant's constitutional right to a fair trial. Accordingly, the first step of the analysis in determining the admissibility of a false allegation under Rule 412 requires the district court to determine whether the allegation is false by a preponderance of the evidence.

---

Supreme Court Amending Rules (June 15, 1987). Accordingly, that precedent is not binding for purposes of our interpretation of Rule 412(b)(2)(C). We also perceive "demonstrably false" as imprecise and therefore subject to various interpretations. In sum, we reject "demonstrably false" as the necessary showing to be made in order to establish "false allegations" under Rule 412.

The second part of a Rule 412 analysis requires the district court to determine whether the evidence is relevant. Generally, if a district court finds that evidence of a false allegation has met the necessary threshold of falsity as set out above, such evidence would be *highly* probative. Further, the admissibility of false allegations has significant impact on a defendant's right to a fair trial. *See* Miller et al., *supra* § 5375.2 ("If the defendant's right to a fair trial means anything, surely he must have the right to introduce evidence that the alleged victim previously made similar accusations against others that proved to be false."). As a result, in many instances the probative value of false allegations will outweigh the inherently prejudicial nature of such evidence. However, even if the allegation proves false, there are instances in which the false allegation might not be probative. For example, a false allegation may have little probative value because the facts surrounding the prior allegation are remote in time or factually dissimilar from the facts of the case at bar. Accordingly, such determinations must be made on a case-by-case basis by the district court.

The third step of the analysis requires the district court to engage in the balancing test set out in Rule 412(c)(2). That Rule states that if the district court determines that "the probative value of such evidence outweighs the danger of unfair prejudice," the evidence is admissible. The district court must weigh the probative value determined in step two with the unfair prejudice of that evidence.

During the Rule 412 hearing, "the parties may call witnesses, including the alleged victim, and offer relevant evidence." I.R.E. 412(c)(2). Further, given that the district court must make preliminary findings of falsity and whether the probative value outweighs the prejudicial effect, Rule 104 controls the evidentiary standards during the Rule 412 hearing. According to Rule 104, "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."

Here, the district court never made a factual determination as to the falsity of the allegation. As a result, the case must be remanded to the district court for it to engage in proper fact finding regarding the falsity of the allegation.

Because we are remanding the case for a proper determination of the admissibility of the evidence under Rule 412, we need not and do not consider Chambers' constitutional argument.

However, if the evidence is rejected under a Rule 412 analysis, Chambers' constitutional challenge would then need to be addressed by the district court.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is vacated and the case is remanded to the district court for proceedings consistent with this opinion.

Chief Justice BURDICK and Justice MOELLER CONCUR.

BRODY, Justice, concurring in part.

I agree with much of the Court's decision today, but I do not join Section B of the opinion. While there may be some perceived efficiency in laying out the procedure and substantive law to be used by the district court on remand, judicial restraint is the wiser course. Justice Scalia (then Judge Scalia) once wrote that "[t]he premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). I agree with this philosophy. We only have to look to the disagreement between the majority and the dissent over footnote 9–the place where the majority rejects "demonstrably false" as the standard to be used to judge whether there were prior false allegations—to see the problem with offering what is essentially an advisory opinion. There is value in letting the parties and the district court adjudicate these issues in the first instance.

BEVAN, Justice, dissenting.

I respectfully disagree with the majority's conclusion that the district court abused its discretion by applying the balancing test under Rule 403 instead of Rule 412(c)(3). Rule 403 is a *threshold requirement* for the admissibility of evidence. *State v. MacDonald*, 131 Idaho 367, 370, 956 P.2d 1314, 1317 (Ct. App. 1998) (emphasis added). Under Rule 403 "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Although evidence may meet the standards for admission under a different rule of evidence, if it does not meet the . . . Rule 403 standards, the evidence may be properly excluded." *Id*. Put another way, evidence admissible under Rule 412 is still subject to Rule 403 considerations. As such, I do not agree with the majority's determination that Rule 412's "balancing test" somehow precludes the court from still applying Rule 403 to exclude relevant evidence for other reasons. Rule 412(c)(3) and Rule 403

15

are not mutually exclusive. *See State v. Harshbarger*, 139 Idaho 287, 292, 77 P.3d 976, 981 (Ct. App. 2003). For these reasons, I would hold that the district court did not abuse its discretion by excluding the evidence of false allegations after finding the probative value was outweighed by other factors aside from unfair prejudice, such as confusion of the issues or risk of misleading the jury.

I also disagree with the majority's analysis in footnote 9 that this Court's prior adoption of the "demonstrably false" standard is inapplicable because it predated the rules of evidence. This Court adopted the demonstrably false standard in *State v. Schwartzmiller*, 107 Idaho 89, 685 P.2d 830 (1984). There, this Court explained:

> Appellant next asserts that the trial court erred in excluding evidence that one of the boys had at a previous time falsely charged another person with having committed similar sex acts. We find no error in this regard. The only basis for that assertion of a false charge lies in the fact that another person was charged, tried, and found not guilty. A not guilty verdict, standing by itself, can never be taken to establish that the charges brought were based on false accusations, since one may not be convicted of a crime unless a jury finds beyond a reasonable doubt the guilt of the defendant. As stated in *Little v. State*, 413 N.E.2d 639, 643 (Ind. App. 1980), "[w]e believe that evidence of false accusations of similar sexual misconduct is admissible on the issue of the victim's credibility. The allegations, however, must be demonstrably false." *See also Hughes v. Raines*, [641 F.2d 790 (9th Cir. 1981)]. Appellant failed to demonstrate to the trial court or to this Court that the witness' previous allegations of sexual misconduct against another were false. The exclusion of that line of testimony was not error.

*Id.* at 92, 685 P.2d 834. I would hold that *Schwartzmiller* is still binding on this Court and the demonstrably false standard is still applicable when determining whether evidence is admissible under Rule 412. For these reasons I respectfully dissent from the majority's opinion.