# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49919

STATE OF IDAHO,                          )
                                         )
    Plaintiff-Respondent,            )          Boise, May 2024 Term
                                         )
v.                                       )          Opinion filed: August 7, 2024
                                         )
JAKOBE G. MARTIN,                        )          Melanie Gagnepain, Clerk
                                         )
    Defendant-Appellant.             )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Peter G. Barton, District Judge.

The judgment of the district court is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Elizabeth Allred argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Amy Lavin argued.

---

MOELLER, Justice.

This case concerns the scope of Idaho Rule of Evidence 412, which limits the type of evidence a defendant is permitted to introduce concerning a victim's sexual history in a sex offense case. Appellant Jakobe G. Martin was charged with three counts of statutory rape. I.C. § 18-6101. Prior to his trial, the State filed a motion in limine pursuant to Rule 412 to bar the defense from offering evidence concerning the victim's sexual history. In response to the State's motion in limine, Martin argued he had a limited right to use certain evidence the State sought to exclude for impeachment purposes, including evidence allegedly showing that the victim made a false statement during a forensic medical interview that conflicted with DNA lab results.

The district court permitted Martin to inquire into the DNA results; however, the district court concluded that the use of the victim's alleged statements about her sexual history for impeachment purposes was barred by Rule 412(b) because the purportedly false statements related

1

to the alleged victim's prior sexual conduct. At the conclusion of trial, Martin was convicted of one count of rape. For the reasons explained below, we affirm Martin's judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In December 2019, K.F., a 17-year-old female, reported to the Boise Police Department that she had been raped on three occasions by Jakobe G. Martin. Martin was 27 years old at the time of the alleged rapes. As summarized by Martin in his opening brief:

> Mr. Martin allowed K.F., a seventeen-year-old runaway, to stay in his apartment several times during the month of December. K.F. later accused Mr. Martin of forcing her to have sexual intercourse on one occasion and engaging in "more consensual" intercourse on two other occasions. An Information was filed charging Mr. Martin with three counts of rape. Mr. Martin entered not guilty pleas to each of the charges.

(Footnotes omitted).

After further investigation, which included a forensic interview with K.F., a criminal complaint was filed in Ada County against Martin on three counts of rape. As part of K.F.'s forensic interview, vaginal swabs were collected and tested for DNA evidence. In addition to the DNA testing, a written form containing information about the interview was filled out. Although this form is referred to as a "written statement" throughout the record, there was conflicting testimony as to whether K.F. "filled out the form" or whether the statement was created by the forensic nurse. The form was not introduced at trial and is not in the record on appeal. The parties agree that the form suggests that K.F., in response to a question from the forensic nurse, apparently indicated that her last consensual sexual encounter was two weeks prior.

Four days prior to trial, the State filed a motion in limine seeking to exclude certain evidence pursuant to Rule 412 of the Idaho Rules of Evidence. In its motion, the State sought "an Order prohibiting the Defendant, any of the Defendant's witnesses, or Defense counsel from introducing any evidence or cross-examining any witnesses regarding the victim's past sexual behavior." The State specified that its motion covered any evidence, "whether direct or by inference, that DNA from another unknown male was detected on various swabs collected during her sexual assault examination." Based on its reading of Rule 412, the State maintained that the introduction of such evidence by the defense was outside the permitted exceptions in subsection (b) and untimely under subsection (c).

In response, Martin argued that the information in the written statement from K.F.'s forensic interview, indicating that she had last had a sexual encounter two weeks prior to the

charged incident, could not be true based on the detection of unknown male DNA noted in her lab report. Martin explained that he sought to impeach the answer that K.F. gave in her forensic interview with the results from the DNA. Although the State did not intend to introduce what Martin describes as the "written statement," Martin sought to inquire into the victim's sexual history and then impeach her by confronting her with (1) the answer on the form and (2) the potentially contradictory DNA results from the vaginal swabs excluding Martin but showing an unknown male contributor.[1]

> At the hearing on the State's motion in limine, [defense] counsel argued:
>
>> So [K.F.], as part of this sexual assault exam, forensic exam that was done at FACES, *she filled out a written form explaining her version of events* and how things happened. As part of that form on Bates No. 130, the question was asked date and time of last consensual intercourse, and she answered two weeks.

(Emphasis added). At trial, however, K.F. testified that she did not recall creating such a statement during her forensic interview. Instead, K.F. testified that she did recall the nurses "writing stuff down." As discussed at trial:

> Q: [by counsel for Martin] Do you recall a written statement being created during that interview with the nurses while you were there?
>
> A: [K.F.] Like a written statement done by me?
>
> Q: Well, my question really is -- I don't think you actually wrote out a statement. Do you recall writing a statement?
>
> A: I don't recall writing a statement on this at all.
>
> Q: I think there was a written statement created of information you were providing to the nurses, and maybe one of them was writing things down. Do you recall that?
>
> A: I believe I do recall one of the -- from what I remember, when I was telling the [forensic nurse] what had happened, there was two nurses in the room. One of them was kind of asking me, and the other one was, like, writing stuff down.

Notably, at oral argument before this Court, appellate counsel for Martin acknowledged that the testimony in this case indicates that it was the forensic nurse who completed the form.

Relevant to this appeal, the written statement indicated that K.F.'s last consensual intercourse was two weeks prior to the forensic interview. DNA testing confirmed the presence of male DNA; however, Martin was eliminated as the "contributor." Given the presence of the unknown male DNA on the vaginal swab, defense counsel sought to ask the State's DNA expert

---

[1] Martin was excluded as a contributor for the semen found on the vaginal swabs; however, Martin was determined to be "possibly" a contributor of DNA found on the victim's underwear.

at trial "whether or not male DNA would stay in someone's vagina for two weeks." Defense counsel explained that "[t]he reason I would ask that is not to get into [K.F.'s] sexual behavior per se or to use the analogy of hearsay not to offer it for the truth of the matter asserted but to attack the credibility."

The district court heard argument on the motion in limine at a hearing prior to trial. During the argument, the district court posed a variety of hypotheticals to defense counsel, testing the limits of defense counsel's asserted interpretation of Rule 412. Because counsel wished to *first* ask about a prior statement *and then* impeach K.F., the district court inquired about other sources of potentially false statements which could be a "backdoor" to the introduction of Rule 412 evidence.

During this discussion, the district court identified that there were essentially two distinct questions at play—namely, whether Martin was entitled to (1) ask the State's expert whether Martin's DNA was found on specific swabs and (2) use the DNA of another contributor as impeachment evidence of an alleged false statement made by the victim during a forensic medical interview. Ultimately, after a lengthy discussion with counsel exploring the application of Rule 412, the district court ruled that Martin was entitled to ask the State's expert about whether Martin's DNA was found on the vaginal swabs. However, the district court concluded that evidence related to when K.F. last had a sexual encounter was within the protections afforded victims by Rule 412 and prohibited its admission. Specifically, the district court ruled: "As to the second, the impeachment testimony is out. It's going to go right into the teeth of 412 of what's excluded. . . ."

Thereafter, a jury trial commenced. During the trial, Martin adhered to the district court's order prohibiting the reference to when K.F. had last had sexual intercourse. At the conclusion of the trial, the jury convicted Martin of one count of rape. Martin was later sentenced to a twenty-year term with seven years fixed and thirteen years indeterminate. Martin timely appealed.

## II. STANDARD OF REVIEW

"[T]he interpretation of a rule of evidence, like the interpretation of a statute, is reviewed de novo." *State v. Chambers*, 166 Idaho 837, 842, 465 P.3d 1076, 1081 (2020) (alteration in original) (quoting *State v. Hill*, 161 Idaho 444, 447, 387 P.3d 112, 115 (2016)).

## III. ANALYSIS

This case turns on whether the admissibility of the evidence at issue in this case is governed by Rule 412 of the Idaho Rules of Evidence. A defendant intending to use Rule 412(b) evidence

4

must file a motion "at least five (5) days before trial," unless the evidence was "newly discovered . . . ." I.R.E. 412(c)(1)(B). It is undisputed that there was no notice filed by the defendant in this case and that the evidence was not newly discovered. At oral argument, counsel for Martin conceded as much, acknowledging that the requisite notice was not filed in this case. However, while this would appear to be dispositive of the issue before us, it is not because Martin argues on appeal that the contested evidence does not fall within the ambit of Rule 412 and, as such, he did not need to provide notice as required by the rule. For the reasons explained below, we disagree on both counts.

Rule 412 governs the admissibility of evidence of an alleged victim's past sexual behavior in a sex offense case. The rule includes two evidentiary prohibitions. First, Rule 412(a) prohibits—without exception—the presentation of reputation or opinion evidence regarding a victim's past sexual behavior. Second, Rule 412(b) prohibits—with a few limited exceptions—the presentation of specific instances of past sexual behavior. We have previously explained that these rules serve a dual purpose:

> First, "the rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure" of the victim's prior sexual behavior. Second, these laws encourage "victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders."

*State v. Chambers*, 166 Idaho at 841, 465 P.3d at 1080 (alteration in original) (quoting Fed. R. Evid. 412 advisory committee's note to 1994 amendment).

As noted above, unlike reputation evidence under Rule 412(a), Rule 412(b) includes exceptions to its prohibition of specific instances of sexual behavior and permits introduction of otherwise prohibited evidence in limited circumstances. Specifically, Rule 412(b) provides the following circumstances where evidence may be admitted:

> (1) an alleged victim's past sexual behavior, if offered to prove that someone other than the defendant was the source of semen or injury or other physical evidence; or

> (2) an alleged victim's past sexual behavior with respect to the person accused of the sex crime, if offered by the defendant to prove consent; or

> (3) an alleged victim's prior false allegations of sex crimes made at an earlier time; or

> (4) an alleged victim's sexual behavior with someone other than the defendant that occurred at the time of the event giving rise to the sex crime charged; or

> (5) evidence whose exclusion would violate the defendant's constitutional rights.

I.R.E. 412(b).

Evidence falling within one of the enumerated exceptions is one of the threshold requirements for admission, but not the only one. Additionally, there is a procedural requirement that must be followed prior to introducing such evidence. Should a defendant seek to introduce evidence under a Rule 412(b) exception, Rule 412(c) details the procedure to determine admissibility. The rule provides:

> **(c) Procedure to Determine Admissibility.**
>
>> (1)  Motion.  If a defendant intends to offer evidence under Rule 412(b), *the defendant must:*
>>
>>> *(A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;*
>>>
>>> *(B) do so at least five (5) days before trial* unless the court, based on a determination either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which the evidence relates has newly arisen in the case, allows the motion to be made at a later date; and
>>>
>>> (C) serve the motion on all parties.
>>
>> (2)  Hearing. Before admitting evidence under this rule, the court must conduct an in camera hearing at which the parties may call witnesses, including the alleged victim, and offer other relevant evidence.  Notwithstanding the provisions of Rule 104(b), if the relevance of the evidence which the defendant seeks to offer depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent in camera hearing scheduled for such purpose, must accept evidence on the issue of whether such condition of fact is fulfilled and determine the issue.
>>
>> (3)  If the court determines on the basis of the hearing described in paragraph (2) that the evidence that the defendant intends to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, the evidence must be admitted to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the parties may examine or cross-examine the alleged victim.

I.R.E. 412(c) (emphasis added).

Importantly, the procedures a criminal defendant is required to follow to introduce evidence under Rule 412(b) resemble the procedures the State is required to follow to proffer evidence of prior bad acts under Rule 404(b). In *State v. Leavitt*, this Court recognized "the mandatory nature of Rule 404(b), and that it sets a condition precedent to admission of prior bad acts[.]" 171 Idaho 757, 766, 525 P.3d 1150, 1159 (2023). We conclude that Rule 412(c) similarly

6

has a "mandatory nature" by which "it sets a condition precedent to admission" of a specific instance of sexual conduct.

In this case, counsel for Martin explained the question he sought to ask of the victim to challenge her credibility: "And towards the end of that questioning, I'm going to ask her, [']now as part of this account that you gave at your forensic exam, you were asked this question: date and time of your last consensual intercourse. And you answered two weeks.[']" While Martin frames his argument on appeal as an intention to impeach K.F., it is clear that at trial defense counsel, prior to any impeachable statement being made, sought to introduce the statement from the forensic exam in the first instance to ask the victim about her "past specific instances of sexual behavior." *See* I.R.E. 412(b). While Martin argues that he should have the right to present this evidence to call into question K.F.'s credibility, Rule 412(b)'s prohibition of specific instances of sexual conduct applies "notwithstanding any other provision of law[.]" I.R.E. 412(b). As characterized by the district court, this question goes "right into the teeth of 412 of what's excluded." We agree.

Impeachment by a prior inconsistent statement is governed by Idaho Rule of Evidence 613. "Under Rule 613[(a)], a witness may be questioned about prior inconsistent statements without requiring the prior statement to be introduced as extrinsic evidence." *State v. Lankford*, 172 Idaho 548, 556, 535 P.3d 172, 180 (2023). However, the rule presupposes that the subject of the prior statement is a permissible area for questioning. The State never sought to introduce the alleged statement that Martin sought to impeach—that K.F. did not have intercourse with anyone else in the prior two weeks. Further, the State was not attempting to prove that Martin was the source of the unidentified male DNA found on the vaginal swabs of the victim. The State did not contest the fact that Martin was not the contributor of the unknown male DNA from the vaginal swabs. Nevertheless, the defense sought to *first* ask about the victim's sexual history and *then* potentially impeach that answer with (1) the answer on the form and (2) the results of the DNA swabs.

We conclude that without allowing an improper inquiry into the victim's past sexual history, there would be nothing to impeach and no basis to introduce the intake form. Thus, the issue is not one of impeachment; instead, it concerns the propriety of asking the victim questions relating to specific instances of past sexual behavior. Rule 412(b) flatly prohibits "evidence of an alleged victim's past specific instances of sexual behavior," absent an applicable exception. I.R.E. 412(b). This prohibition applies "notwithstanding any other provision of law . . . ." *Id.* Thus, we hold that the evidence Martin sought to introduce was properly excluded under Rule 412(b) in the

7

first instance by the trial court. Accordingly, the district court's decision excluding the specific instance of the alleged victim's past sexual behavior is affirmed. Moreover, even if the evidence were admissible under Rule 412(b), Martin's failure to provide notice at least five days before trial would be fatal to his appeal. I.R.E. 412(c)(1)(B).

## IV. CONCLUSION

For the reasons explained above, we affirm Martin's judgment of conviction.

Chief Justice BEVAN, Justices BRODY, ZAHN and MEYER CONCUR.